```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

COLIN E. PINKNEY,                :
                                 :    NO. 1:07-CV-00142
     Plaintiff,                  :
                                 :    **OPINION AND ORDER**
                                 :
     v.                          :
                                 :
                                 :
DEPARTMENT OF VETERANS           :
AFFAIRS,                         :
                                 :
     Defendant.                  :

This matter is before the Court on Defendant's Motion for Summary Judgment (doc. 26), Plaintiff's Response to Defendant's Motion (doc. 34), and Defendant's Reply Memorandum (doc. 35). For the reasons stated herein, the Court GRANTS Defendant's motion for summary judgment.

**I. Background**

Plaintiff, Colon[1] Pinkney, is 48 years old and is a United States Army veteran, having served from 1978-1991 (doc. 34). Defendant is the Department of Veterans Affairs ("VA"). In July 2005, Plaintiff was admitted to the Veterans Administration Medical Center ("VAMC") located in Cincinnati, Ohio for alcoholism

---

[1] Although the Complaint lists Plaintiff's first name as "Colin," in his Deposition Plaintiff testified it is "Colon" (Pinkney Dep. at 5).

treatment (doc. 26).  In August 2005, Plaintiff was transferred to the Cincinnati VA Domiciliary in Fort Thomas, Kentucky (Id.). While living there, Plaintiff responded to an advertisement he saw at the Domiciliary for the Clark-Datcher Program ("CDP"), which ran an adult group home in Cincinnati (Id.).  Plaintiff was discharged from the VA Domiciliary in October 2005, and began living at the CDP home (Id.).

On February 17, 2006, while Plaintiff was still living at the CDP home, he contacted Susan Schehr ("Schehr"), VAMC Health Information Service Chief, because he had a suspicion that someone had been improperly accessing his medical records (Id.). According to Plaintiff, he had been having difficulties in his relationship with Barbara Clark ("Clark"), an owner and operator of the CDP home and also a nurse's aide at the VAMC, and he had a hunch she was accessing his records at the VAMC (Pinkney Dep.).  Plaintiff asked Schehr to track the access of his files (Id.).

On March 8, 2006, Plaintiff met with Schehr, who showed him a report that indicated Clark had improperly accessed his records three times since February 17, 2006 (Id.).  Sometime after the improper access, Clark, in front of a co-owner and the other residents of the CDP home, accused Plaintiff of selling Percocets, a prescription pain killer, to other residents (doc. 26). Plaintiff maintains that, although the accusation was untrue, it was an improper disclosure under the Privacy Act (doc. 1) because

he had indeed been prescribed Percocets, which Clark only knew because she had viewed Plaintiff's medical records (Pinkney Dep.).

Before the alleged disclosure, on March 2, 2006, Clark contacted Mary Garcia ("Garcia"), staff attorney for the VAMC, to ask if there was a conflict of interest because Clark worked at the CDP home at the same time as the VAMC (Garcia Decl.). In April 2006, Garcia informed Clark that there was indeed a problem with owning a residential home for veterans and also working at the VAMC where she interacts with the same veterans (Id.).

On March 30, 2006, Charlina Copeland, Clark's supervisor at the VAMC, confronted Clark about the issue of unauthorized access of Plaintiff's records and indicated disciplinary measures could be taken (doc. 26). Copeland testified that Clark had received training in which she would have learned that accessing Pinkney's files would violate VAMC policy (Id.). Clark purportedly claimed that she did not know her actions were improper and that she only accessed the records to see how Pinkney was doing (Id.). In April 2006, the VAMC decided that a Board of Investigation would look into the issue for possible disciplinary action (Garcia Decl.). In addition, Plaintiff testified that he had no reason to believe that Clark improperly accessed his records any more after he had seen the tracking report from Schehr on March 8, 2006 (Pinkney Dep.).

Clark retired from the VAMC on May 31, 2006 (Garcia

-3-

Decl.). Defendant contends that Clark opted for early retirement because she was given the option of resigning rather than being terminated (doc. 26), whereas Plaintiff questions whether she was given such an ultimatum, as opposed to just retiring of her own accord (Pinkney Dep.). Plaintiff left the CDP home in October 2006 (Id.).

On February 21, 2007, Plaintiff filed a complaint claiming Defendant violated the Privacy Act of 1974, 5 U.S.C. § 552(a) when Barbara Clark improperly disclosed information obtained from Plaintiff's medical records (doc. 1).[2] Plaintiff avers that Clark made the statement to cause Plaintiff malicious harm and to try to get him evicted from the CDP home (Id.). As a result, Plaintiff claims he incurred substantial harm, including, but not limited to, embarrassment, inconvenience, harrassment, abuse, exploitation, neglect, stress, anxiety, depression, and monetary harm (Id.).

**A. Defendant's Motion for Summary Judgment**

Defendant filed the instant Motion for Summary Judgment on March 7, 2008 (doc. 26). Defendant presents several arguments as to why the Court should dismiss Plaintiff's claim (Id.). First, Defendant argues that the VA did not negligently, much less intentionally or willfully, disclose private information from

---

[2]Plaintiff also listed Barbara Clark and the Clark-Datcher Program as Defendants in the Complaint, however they were dismissed from the suit on jurisdictional bases (doc. 15).

-4-

Plaintiff's medical records (Id.). Defendant supports this assertion by pointing out that (1) Clark received training that would have indicated that her actions violated VAMC policy; (2) Clark acted outside the scope of her employment; (3) no evidence exists to suggest that the VAMC could have foreseen the problem happening and acted sooner to resolve it; (4) the VAMC promptly addressed the situation when they first learned of it; and (5) the actions taken by the VAMC adequately resolved the problem because no evidence exists to suggest Clark accessed Plaintiff's records thereafter (Id.).

Defendant next argues that Clark did not technically disclose Plaintiff's private medical information because what she said about Plaintiff was a lie (Id.). Furthermore, Defendant argues that Plaintiff has no entitlement to recovery under the Privacy Act because he suffered no "actual damages" and only alleges emotional damages (Id., (citing Doe v. Chao, 549 U.S. 614, 618 (2004))). Lastly, Defendant argues that no causal connection exists between any damages and the improper access or disclosure (Id.). Defendant supports this contention by claiming that Plaintiff cannot prove that Clark actually learned about the prescribed Percocets from Plaintiff's medical record rather than another source, nor can Plaintiff prove that the disclosure of the information, rather than the lie itself, caused him harm (Id.).

-5-

**B. Plaintiff's Response**

Plaintiff contends that a genuine issue of material fact exists to defeat Defendant's Motion for Summary Judgment, specifically with respect to whether the VA's conduct qualifies as intentional or willful and whether Plaintiff suffered actual damages as a result of the alleged disclosure (doc. 34). Plaintiff first asserts that the VA is liable for Clark's actions under respondeat superior (Id. (citing Laningham v. United States Navy, 813 F.2d 1236 (D.C. Cir. 1987))). Plaintiff claims that the VAMC did not discipline Clark, but that she rather resigned of her own accord after being advised of the ethical dilemma she faced in owning the group home while working at the VAMC (Id.). Plaintiff additionally claims that the VA did not enforce its policy (Id.). Plaintiff argues that such a lack of action by the VAMC shows a failure to provide safeguards against the violation of its policies and enforce consequences of a violation, which could rise to a level of willful or intentional conduct (Id. (citing Tafoya v. Huerfano County Sheriff, 516 F.3d 912 (10th Cir. 2008))).

With regard to actual damages, Plaintiff asserts that he suffered harassment, embarrassment, inconvenience, and unfairness as a direct result of the disclosure (Id.). Plaintiff also cites to the Privacy Act to specifically point out that if an agency violates the statute, "the United States shall be liable to the individual in an amount equal to the sum of: (A) actual damages

sustained by the individual as a result of the refusal or failure, but in <u>no case shall a person entitled to recovery be entitled to less than the sum of $1,000.00</u>" (<u>Id.</u> (citing 5 U.S.C. § 552a(g)(4)), <u>emphasis added</u>).

### C. Defendant's Reply

In reply, Defendant argues that Plaintiff has not set forth the proper evidence to support his claims (doc. 35). Defendant contends that Plaintiff is attempting to hold Defendant strictly liable for the actions of its employee, which Defendant avers is not supported by relevant authority (<u>Id.</u>). Defendant argues that the cases cited by Plaintiff, <u>Tafoya</u> and <u>Laningham</u>, as well as <u>Andrews v. VA</u>, 838 F.2d 418, 424-25 (10th Cir. 1988), require that Plaintiff must prove Defendant, not an employee of Defendant, acted intentionally or wilfully in violating the Privacy Act (<u>Id.</u>). Defendant reiterates that the undisputed evidence is that as soon as the VAMC became aware that Clark improperly accessed Plaintiff's files, it took action, and after that, no further improper activity took place (<u>Id.</u>).

Moreover, Defendant argues that Plaintiff cannot prove that Clark's disclosure was due to information she learned when she improperly accessed Plaintiff's records (<u>Id.</u>). Defendant further notes that Plaintiff concedes that Clark's accusations were untrue (<u>Id.</u>). Therefore, Defendant argues "Clark had essentially concocted a lie about Pinkney rather than disclosed sensitive

-7-

material" (Id.).

Finally, Defendant contends that Plaintiff must prove actual damages to succeed in his claim, citing Hudson v. Reno, 130 F.3d 1193 (6th Cir. 1998), which stated "[t]he weight of authority suggests actual damages under [the] Privacy Act do not include recovery for mental injuries, loss of reputation, embarrassment or other non-quantifiable injuries" (doc. 35).

**II. Applicable Legal Standard**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992)(per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of

the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989)(internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion

for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**III. Analysis**

The Privacy Act, 5 U.S.C. § 552a, provides that:

(4) In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of—
    (A) actual damages sustained by the individual as a result of the refusal or

>      failure, but in no case shall a person
>      entitled to recovery receive less than
>      the sum of $1,000; and
>      (B) the costs of the action together with
>      reasonable attorney fees as determined by
>      the court.

Because it is conceded that Plaintiff's medical records were improperly accessed by Barbara Clark in violation of the Privacy Act, 5 U.S.C §§ 552a(b) and (g)(1)(D), in order for Plaintiff to recover, the Court must determine that the action of Defendant was intentional or willful, and that Plaintiff suffered actual damages as a result. See Johnston v. Horne, 875 F.2d 1415, 1422 (9th Cir.1989); Risch v. Henderson, 128 F.Supp.2d 437, 439 (E.D.Mich.,1999), affirmed Risch v. U.S. Postal Service, 244 F.3d 510 (6th Cir, 2001).

The Court finds that summary judgment is appropriate because Plaintiff cannot prove that he sustained actual damages as defined by the Sixth Circuit. As an initial matter, Plaintiff argues that subsection (g)(4)(A) of the Privacy Act entitles any plaintiff adversely affected by an intentional or willful violation to the $1,000 minimum (doc. 34). However, the Supreme Court in Doe carefully reviewed the statutory language and legislative history and held that the minimum guarantee goes only to victims who prove some actual damages. 549 U.S. at 618.

Therefore the Court must determine whether Plaintiff can prove he suffered any actual damages. Although the Court accepts Plaintiff's representations that he suffered severe emotional

distress as a result of Clark's actions, the Court is bound by the Sixth Circuit's definition of actual damages. In Risch, 128 F.Supp.2d at 441, in reasoning adopted by the Sixth Circuit, the district court considered a case where the plaintiff alleged similar damages, and found:

> Although plaintiff claims to have suffered "extreme mental anguish and mental concern and worry," due to the maintenance of the files, she cannot recover for such "damages" under the Privacy Act. See Hudson v. Reno, 130 F.3d 1193, 1207 (6th Cir.1997). "[A]ctual damages only mean out-of-pocket losses, not emotional distress." Id. at 1207 n. 11. Plaintiff has failed to demonstrate such. Hence, she cannot demonstrate the "adverse effect" necessary to support a cause of action under the Privacy Act. See 5 U.S.C. § 552a(g)(1)(D); Johnston, 875 F.2d at 1422.

See also Hudson, 130 F.3d at 1207, overruled on other grounds ("The weight of authority suggests actual damages under Privacy Act do not include recovery for mental injuries, loss of reputation, embarrassment or other non-quantifiable injuries."). Although in his Complaint, Plaintiff alleges that his damages include "embarrassment, inconvenience, stress, depression, abuse, exploitation, neglect, and monetary harm" (doc. 1, emphasis added), Plaintiff fails to provide any evidence beyond his assertions that he suffered any out-of-pocket loss, required under Sixth Circuit precedent to recover under the Privacy Act. In his Memorandum in Opposition to Defendant's Motion, Plaintiff does not list anything that would qualify as actual damages, stating only that Clark's

actions caused "harrassment, embarrassment, inconvenience, and unfairness" and were designed to "harrass, maliciously harm, and attempt to evict" Plaintiff (doc. 34).  As stated above, "mere conclusory allegations are patently insufficient to defeat a motion for summary judgment."  See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990)  Therefore, even construing the evidence in a light most favorable to Plaintiff, in absence of anything beyond mere allegation to suggest Plaintiff suffered actual damages as defined by the Sixth Circuit, the Court must grant Defendant's motion for summary judgment.

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment (doc. 26).


SO ORDERED.


Dated: September 11, 2008     /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge

-14-